IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| POLY-AMERICA, L.P.<br><br>                    Plaintiff,,<br><br>v.<br><br>API INDUSTRIES, INC.,<br><br>                    Defendant. | Case No. 4:20-cv-00837 |

## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

Defendant API Industries, Inc. ("API"), by and through its attorneys, hereby respectfully moves the Court to dismiss this action against it for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(2), and for improper venue under Fed. R. Civ. P. 12(b)(3). API relies upon the following arguments, and the concurrently filed Declaration of David Anderson

API lacks the requisite "minimum contacts" with the State of Texas to support personal jurisdiction as alleged by Plaintiff Poly-America, Inc. ("Plaintiff" or "Poly-America") in its Amended Complaint (ECF No. 1). Poly-America also cannot meet its burden of establishing that venue is proper under the venue statute.

API is not subject to either general jurisdiction or specific jurisdiction in Texas. API is not subject to general jurisdiction because it is not incorporated, headquartered, or otherwise "at home" in Texas. And, API is not subject to specific jurisdiction because Plaintiff's claims do not arise out of, or relate to, any conduct by API directed to Texas. Rather, Plaintiff's action arises from

1

API having brought a successful petition to cancel Poly-America's trademark registration before the Trademark Trial and Appeal Board, located in Alexandria, Virginia.

## I. Factual And Procedural Background

### A. The Parties

Plaintiff Poly-America, L.P. is a Texas Limited Partnership with its principal place of business located in Grand Prairie, Texas. (Complaint ¶ 1). Defendant API is a Delaware corporation with its principal place of business in Orangeburg, New York 10962. (*Id.* ¶ 2). API's headquarters and main place of business are in Orangeburg, New York, where it employs 472 people. (Declaration of David Anderson filed herewith ¶¶ 3, 6). API also maintains a manufacturing facility in Sulfur Springs, Texas, where it employs approximately 70 employees. (*Id.* ¶ 9). Regular meetings and all high-level decision-making stem out of the New York headquarters. (*Id.* ¶ 4). All documentation identifies API's location as Orangeburg, New York, such as its federal and state government filings, website, and contracts, and all API's corporate records are located in Orangeburg, New York. (*Id.* ¶ 5).

The parties are both in the plastics manufacturing business, and manufacture, among other things, plastic bags.

### B. The TTAB Proceeding And This Action

API brought a proceeding before the Trademark Trial and Appeal Board of the United States Patent and Trademark Office ("TTAB") to cancel Poly-America's trademark registration for the mark comprising the color orange as used on the drawstring portion of trash bags. (Complaint ¶¶ 9-12) After some pre-trial motions and discovery, the TTAB granted the petition to cancel (*Id.* ¶¶ 13-18 and Exh. 1). The TTAB subsequently denied Poly-America's motion for reconsideration. (*Id.* ¶¶ 19-20 and Exh. 2).

The TTAB decision (Compl. Exh. 1) found that the registration should be cancelled for two reasons: (1) orange for drawstrings on trash bags is generic, because it is commonplace in the industry and is sold under many different trademarks and (2) orange for drawstrings on trash bags is functional, because it makes the drawstring more visible, and hence easier for the consumer to use. (*Id.*) Accordingly, the TTAB ordered Poly-America's registration cancelled. (*Id.*)

### C.      Poly-America's Appeal To This Court

Poly-America now seeks review of the TTAB's Final Decision pursuant to the Lanham Act, 15 U.S.C. § 1071(b).  (*Id.* ¶ 22)   The Lanham Act "permits a party dissatisfied with the decision of the TTAB to appeal the decision in one of two ways." *Taylor v. Realty Executives International, Inc.,* 2008 WL 11333780, *2 (W.D. Texas 2008).  15 U.S.C. § 1071(a) allows the dissatisfied party to appeal the TTAB decision to the Court of Appeals for the Federal Circuit, which reviews the decision as an appeal. *Id.* "Alternatively, 15 U.S.C. § 1071(b) allows the dissatisfied party to appeal the TTAB decision by initiating a new civil action in a federal district court.  In the new action, the parties can add claims and evidence not presented to the TTAB." *Id.*

What is important for this motion is that Poly-America's action in this Court focuses solely on the correctness of the TTAB's cancellation.  That determination, in turn, focused solely on Poly-America's trademark registration, and whether the trademark that is its subject is invalid as "generic" and/or "functional."

### II.      Poly-America's Action Should Be Dismissed For Lack of Personal Jurisdiction

"There is personal jurisdiction if the state's long-arm statute extends to the defendant and exercise of such jurisdiction is consistent with due process." *Frank v. P N K (Lake Charles) L.L.C.,* 947 F.3d 331, 336 (5th Cir. 2020).  "The Texas long-arm statute's broad doing business language authorizes personal jurisdiction over a nonresident defendant as far as the federal constitutional

3

requirements of due process will allow." *Id.* The plaintiff "bears the burden of establishing jurisdiction but is required to present only prima facie evidence." *Id.*

"'Minimum contacts' can be established either through contacts sufficient to assert specific jurisdiction, or contacts sufficient to assert general jurisdiction." *Id.* In this case, Poly-America can establish neither.

### A. The Court Does Not Have General Jurisdiction Over API

"General jurisdiction exists over a non-resident defendant when its "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Id.* The "at home" requirement has been repeatedly emphasized by the Supreme Court. *See id.* (*citing Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) and *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014)).

"[G]enerally, a corporation's 'home' falls in two paradigmatic places: (1) the state of incorporation and (2) the state where it has its principal place of business." *Id.* at 337. "Even though a corporation might operate 'in many places,' it cannot 'be deemed at home in all of them' because unpredictability would follow and jurisdictional rules are meant to 'promote greater predictability.'" *Id.* "[T]he general jurisdiction inquiry . . . is not whether a foreign corporation's in-forum contacts can be said to be in some sense continuous and systematic, it is whether that corporation's affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State." *Id.*

"It is, therefore, incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014). "[I]t is only in an exceptional case that a corporation's operation in a forum other than its formal place of incorporation or principal place of business may be so

substantial and of such a nature as to render [it] subject to general jurisdiction in the forum state." *Rawls v. Old Republic Gen. Ins. Grp., Inc.,* 2020 WL 6374621, *6 (S.D. Tex. 2020) (*citing Whitener v. Pliva, Inc.*, 606 F.App'x 762, 765 (5th Cir. 2015)). Even where the defendant has extensive and continuous business contacts with the state, general jurisdiction will generally not be found outside the company's state of incorporation or principal place of business.

In *BNSF Railway Co. v. Tyrrell*, 137 S. Ct. 1549, 1559 (2017), the Supreme Court held that defendant BNSF was not subject to general jurisdiction in Montana despite extensive contacts with the state. The Court first found that BNSF was neither incorporated nor had its principal place of business in Montana and was therefore not a "paradigm forum" to find general jurisdiction. *See id.* at 1558-59. The Court then acknowledged that BNSF did have an automotive facility, "over 2,000 miles of railroad track and more than 2,000 employees in Montana." *See id.* at 1555-59.

Despite those very substantial connections with Montana, the Court still found no general jurisdiction, *id.* at 1559, explaining that a general jurisdiction inquiry must look at "a corporation's activities in their entirety" because a corporation "that operates in many places," cannot be "at home" in all of them. *Id.* *See also Rawls*, 2020 WL 6374621, *8-9 (defendant that had multiple service centers in and substantial sales to Texas was not "at home" and thus there was no personal jurisdiction); *Garcia Hamilton & Assocs. LP v. RBC Cap. Mkts., LLC,* __ F. Supp. 3d __, 2020 WL 3078330, at *5 (S.D. Tex. 2020) (no general jurisdiction over a limited liability company even though the entity had "significant Texas operations," including four Texas offices, 250 employees in Texas, a division focused exclusively on wealth management in Texas, and hundreds of yearly transactions generated out of a business presence in Texas).

Here, API is "at home" in Delaware, where it is incorporated, and New York, where its headquarters and main place of business are located. It is not "at home" in Texas; although it

5

maintains one manufacturing facility in Texas, that is only a small part of its business, employing approximately 20 employees and less than 10% of its work force. Viewing API's activities "in their entirety," it is clear that API is not "at home" in Texas, and hence this Court cannot exercise general jurisdiction over it.

### B. The Court Does Not Have Specific Jurisdiction Over API For This Action

Nor does this Court have specific jurisdiction over API for this action. Specific jurisdiction "encompasses cases in which the suit arises out of or relates to the defendant's contacts with the forum." *Diece-Lisa Industries, Inc. v. Disney Enterprises, Inc.*, 943 F.3d 239 250 (5th Cir. 2019).

"Specific jurisdiction exists when two circumstances are met: (1) a nonresident defendant has purposefully directed its activities at the forum state, and (2)"the litigation results from alleged injuries that arise out of or relate to those activities." *Id.* "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.'" *Id.* "[T]he relationship must arise out of contacts that the 'defendant himself' creates with the forum State." *Id.*

The contacts must be very closely related to the cause of action. "*In personam* jurisdiction has taken a restrictive view of the relationship between causes of action and contacts, seemingly to require virtually a direct link between claim and contacts in order to pursue a specific jurisdiction analysis." *Gorman v. Grand Casino of La., Inc.- Coushatta,* 1 F.Supp.2d 656, 658 (E.D. Tex. 1998). In other words, "[t]he question of whether a cause of action arises out of or relates to a defendant's forum contact is analogous to the issue of proximate cause in tort law." *Luna v. Compania Panamena De Aviacion, S.A.*, 851 F.Supp. 826, 832 (S.D.Tex.1994) Thus, the sale of an airline ticket in Texas does not give rise to specific jurisdiction over a wrongful death suit based on an airline crash that took place abroad. *See id.*

6

Here, while API has contacts with Texas in maintaining a manufacturing facility in the state, those contacts are insufficiently related to the litigation. In bringing this action, Poly-America requests this Court to review the decision of the TTAB. It arose from API having filed a petition for cancellation in the TTAB, located in Alexandria, Virginia. *See* https://www.uspto.gov/trademarks-application-process/trademark-trial-and-appeal-board. That API filed a petition for cancellation there has no connection whatsoever with its manufacturing facility in Texas. Indeed, it could have filed the same petition even if it never came to Texas.

Accordingly, since this Court lacks personal jurisdiction over API, the action must be dismissed pursuant to Fed. R. Civ. 12(b)(2),.

### III. Poly-America's Action Should Be Dismissed For Improper Venue

Federal Rule of Civil Procedure 12(b)(3) allows a party to move to dismiss an action for "improper venue." FED. R. CIV. P. 12(b)(3). "Once a defendant raises improper venue by motion, the burden of sustaining venue will be on [the] Plaintiff." *Dewolff, Boberg & Associates, Inc. v. Pethick*, 2020 WL 6822834, *2 (E.D. Tex. 2020).

Section 1071(b) of the Lanham Act contains a venue provision for certain defendants. "If there are adverse parties residing in a plurality of districts not embraced within the same State, or an adverse party residing in a foreign country, the United States District Court for the Eastern District of Virginia shall have jurisdiction." *Id.* Here neither applies, since there is only one defendant, API, which resides in the United States. Where the statutory venue provision is not applicable, "the general laws governing federal jurisdiction and venue apply." *Cardwell v. Investor's Analysis, Inc.*, 620 F.Supp. 1395, 1398 (D.D.C. 1985).

The general federal venue statute provides that venue is only proper in:

(1) a judicial district in which any defendant resides, if all defendants are residents
    of the State in which the district is located;

7

    (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

    (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). A corporation or other legal entity "resides" for the purpose of venue "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id.* § 1391(c)(2).

    Here none of the venue provisions apply. API does not "reside" in Texas, since it is not subject to personal jurisdiction here with respect to this civil action, as discussed above. A "substantial part of the events or omissions giving rise to the claim" did not occur in Texas; as discussed above, the events that gave rise to the claim occurred in Alexandria, Virginia, where API petitioned the TTAB to cancel Poly-America's trademark registration. Nor can it be said that the "property" at issue – Poly-America's federal trademark registration – is "situated" in Texas; the registration was obtained from the PTO in Virginia. Finally, it cannot be said that "there is no district in which an action may otherwise be brought." API's home state, New York, where its headquarters are located, is clearly a proper venue, in that API is subject to general jurisdiction there and thus "resides" there for the purposes of venue.

    Accordingly, this suit should be dismissed for improper venue as well.

**IV.** **<u>Conclusion</u>**

As demonstrated above, This action should be dismissed for lack of personal jurisdiction and improper venue.

Dated: New York, New York
      January 20, 2021

                                        KOFFSKY SCHWALB LLC

                                        <u>/s/ Efrem Schwalb</u>
                                        Efrem Schwalb, *pro hac vice*
                                        349 Fifth Avenue, Suite 733
                                        New York, New York 10016
                                        (646) 553-1590
                                        <u>eschwalb@koffskyschwalb.com</u>
                                        *Attorneys for API*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record have served with a copy of this document via the Court's CM/ECF system this 20th day of January, 2021.

/s/ Efrem Schwalb<br>
Efrem Schwalb